UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

In Re:                                            CASE NO.: 18-04515-TOM13

TYESHA STREETER,

       DEBTOR

| | |
|---|---|
| DAVID GUNN, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| TYESHA STREETER, | ) |
| | ) |
|    DEFENDANT. | ) |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, the Plaintiff, David Gunn, a party in interest in the above styled bankruptcy case, and files his complaint to determine the non-dischargeability of a debt and would show unto this Honorable Court as follows:

1. This is a core proceeding pursuant to Section 523 of the Bankruptcy Code and 28 USC, Section 157(b).

2. The Defendant is the Debtor in this Chapter 13 bankruptcy case. Plaintiff is a creditor of said Defendant.

3. This is an adversarial proceeding to determine the non-dischargeability of a debt.

4. Between February 28, 2012 and March 25, 2012, the Plaintiff performed certain work and labor and furnished certain materials for repairs on the Debtors' property located at 228 23rd Terrace NW, Birmingham, Alabama, 35215. Said repairs were necessitated as a result of storm damage to said property. The Debtors filed an insurance

claim which agreed to cover and pay for the work, labor and materials supplied by the Plaintiff. Said insurance in fact paid to the Debtors funds for the purpose of paying the Plaintiff. The Debtors received said insurance proceeds but refused to pay said funds to fully compensate the Plaintiff for said work, labor and materials. The Plaintiff alleges that the debtors' conduct is not only a breach of contract but is also conversion and fraud.

5. On September 10, 2012, your Plaintiff filed a Complaint in the Circuit Court of Jefferson County, Alabama, case number CV 12-902833 alleging breach of contract, conversion and fraud and claiming compensatory and punitive damages as a result of the Defendants' conduct. Said complaint names this Debtor and her husband, John Earl Streeter, as Defendants. The couple have previously filed bankruptcy proceedings jointly. However, now the couple have filed separately and John Earl Streeter, has a current Chapter 7 proceeding with case number 19-00474-TOM7.

6. The State court action has been stayed as a result of these and previous Bankruptcy proceedings filed by the Debtors. Prior to the stay, the State Court entered a judgement in the amount of $8,227.00, plus costs of court on the compensatory damage for work and labor done. The claims for conversion and fraud have never been adjudicated.

7. The Plaintiff asserts to this Honorable Court that some of the damages sought in the herein referenced State Court case are not dischargeable pursuant to Section 523 of the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will issue an order determining that the debt owed by the Defendant to your Plaintiff is not dischargeable. Plaintiff prays for such other further and general relief to which this court deems he is entitled.

/s/ Charles H. Boohaker  
CHARLES. H. BOOHAKER  
Attorney for Creditor, David Gunn

OF COUNSEL:

CHARLES H. BOOHAKER, P.C.
1905 14th Avenue South
Birmingham, AL  35205
(205) 202-4000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically served on counsel of record on the 19th day of February, 2019.

Lois R. Beasley-Carlisle, Esq.
P. O. Box 1700767
Birmingham, AL  35217

Bradford W. Caraway
Chapter 13 Standing Trustee
P. O. Box 10848
Birmingham, AL  35202-0848

/s/ Charles H. Boohaker
OF COUNSEL